

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| *Camden Federal Building and* | *(856) 757-5026 (phone)* |
| *United States Courthouse* | *(856) 968-4917 (fax)* |
| *401 Market Street, 4th Floor* | |
| *Camden, NJ 08102* | |

March 31, 2026

**VIA ECF**

Hon. Elizabeth A. Pascal
United States Magistrate Judge
Mitchell H. Cohen Courthouse
One John F. Gerry Plaza
4th & Cooper Streets
Camden, NJ 08101

> **Re:**   **United States v. Marek Cherkaoui**
> **Mag. No. 25-7064 (EAP)**

Dear Judge Pascal:

The United States respectfully submits this letter to request that the Court conduct an inquiry pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012).  The Government respectfully requests that the Court hold the *Frye* hearing **on or before April 7, 2026**, if possible.

*Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance. And before *Frye*, controlling precedent in this Circuit held that a failure to advise a defendant that he/she had the option of pleading "open" (that is, without the benefit of a plea agreement) to the charges in the indictment also can qualify as ineffective assistance of counsel.  *See United States v. Booth*, 432 F.3d 452 (3d Cir. 2005).   Recognizing that precedents like this could create an opportunity for defendants to manipulate the process, the Supreme Court suggested that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding *or before a trial on the merits*, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id*. at 146 (emphasis added).

In this case, the Government made a formal plea offer to the defendant, by letter dated March 25, 2026, and this letter was transmitted to defense counsel. The plea offer stated it would expire on April 1, 2026. The Government withdrew the plea offer on March 30, 2026 after defense counsel informed the Government that the defendant will not agree to any further Speedy Trial continuances.

In light of the Supreme Court's decision in *Frye* and the Third Circuit's decision in *Booth*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the defendant from later claiming that his counsel failed to convey and advise him about the plea offer and to make a sufficient record that counsel fulfilled those obligations. But to ensure compliance with the prohibition against judicial involvement in plea negotiations, Fed. R. Crim. P. 11(c), the Government will not describe the terms of any plea offer.

Instead, the Government suggests that it state on the record that it sent a formal plea offer to defense counsel by letter dated March 25, 2026, after which the Court would ask defense counsel the following questions:

<u>The March 25, 2026 Plea Offer</u>

1. Did you receive a proposed plea agreement dated March 25, 2026?

2. Did you provide a copy of that proposed plea agreement to your client?

3. Did you review the proposed plea agreement with your client prior to the expiration date of the plea offer?

4. Did you have a sufficient opportunity to discuss the proposed plea agreement with your client?

5. Did your client reject the proposed plea agreement?

If defense counsel answers "yes" to all of those questions, the Government suggests that the Court address the defendant as follows: "I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. When I ask you these questions, please give me a yes or no answer to each question – nothing more."

1. Did you receive the proposed plea agreement dated March 25, 2026?

2. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

3. Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorney?

4. Did you, in fact, reject the proposed plea agreement?

5. Do you understand that, once you have been charged via an Indictment, any time before a verdict at a trial, you can plead guilty to the Indictment without any plea agreement with the Government?

The Government believes that this proposed procedure will effectively ferret out and ameliorate any *Frye* or *Booth* problems without compromising or intruding upon the attorney-client relationship.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

*s/ Joseph McFarlane*

By:    JOSEPH MCFARLANE
Assistant U.S. Attorney

cc:    Terrell Ratliff, Esq. (via ECF)
Kyle Adams, Esq. (via email)